## Walters v. Thomas

*Jack Brian*, for plaintiffs.

*James A. McGoldrick*, for defendants.

DIGGINS, J., March 10, 1959.—This is an action in trespass for personal injuries alleged to have been suffered by the wife plaintiff because of alleged negligence on the part of defendants. The jury returned a verdict in favor of defendants and plaintiffs moved for a new trial which is now before the court for consideration.

The evidence disclosed that on an evening in April of 1956, plaintiffs were interested in the purchase of a property in the vicinity of defendants' home. They came into the area to inspect the property and could not get in because it was vacant, whereupon they called at the house of defendants to inquire about the vacant house. Defendants were strangers. Plaintiffs allege that defendant husband, when he learned from their inquiry that they were interested in a purchase, in-

vited them in to see his house with a view to sale and purchase of his property. Defendants denied this, said they were merely acting as Samaritans in permitting plaintiffs to inspect because their house was similar. This divergence in evidence became important because of the greater care required toward a business invitee.

The negligence alleged was that while the visitors were in the backyard in darkness, the wife plaintiff stepped in a hole in the area where the hosts' children had been playing. Husband defendant does not deny the accident nor its cause, but contends that he warned both plaintiffs when they entered the yard from the backdoor of the house that there might be toys scattered about or rough places in the backyard where the children had been playing and they should be careful, and further that he put on an outside light which flooded the area well.

Defendants testified that at the time of the conversation when plaintiffs were admitted, a neighbor, Joseph Whitman, was present, and called Whitman as a witness. Whitman corroborated everything that defendant, Emerson A. Thomas, said occurred in the conversation but he could not positively identify plaintiffs as the parties who came to the house because he left just after they were admitted. It is the testimony of this witness which is objected to by plaintiffs, and this motion for a new trial is based on the contention that since Whitman did not identify plaintiffs, his entire testimony should have been rejected.

This position, we think, is unsound for two reasons. It was competent so far as it went, that is, to corroborate the evidence of defendant, Emerson A. Thomas, to the effect that there was a conversation and the gist of it, and that he was present. It would seem to us that if there were no more than this in the case, it was defendants' duty to produce this witness because they

could have been effectively challenged for failure to do so if plaintiffs knew or learned of the presence of the witness in the house that night.

The evidence was competent for a further reason. The identification of plaintiffs comes about on this record in this way: Emerson Thomas says the conversation was between William P. Walters, plaintiff, and himself. He also says the witness was present. The witness now confirms his presence and corroborates defendant as to the conversation. It is the testimony of defendant, Emerson Thomas, to the effect that plaintiff, William P. Walters, was the man with whom he had the conversation in the presence of the witness.

Competency and credibility are two different things. The former is for the court, and we accepted that responsibility; the credibility was for the jury which we permitted under proper instructions which were not complained of.

We think it is worthy of note that the question raised by plaintiffs at the trial that plaintiff might have been a business invitee was never alluded to before. It is not in the pleadings. In fact, paragraph 4 of the first count alleges that at the time and place plaintiff, Florence Walters, entered the premises of defendants "as an invitee or licensee" of said defendants, and the allegation that plaintiffs were business invitees was not raised at the pretrial conference, and it seems to us, therefore, that the jury's verdict was in conformity with plaintiffs' original concept of the facts, although this is not important now, and we therefore make the following

### Order

And now, to wit, March 10, 1959, plaintiffs' motion for a new trial be and the same is hereby dismissed.

An exception is allowed plaintiffs.